# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LAVERN BERRYHILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-10-714-D |
| | ) | |
| | ) | |
| BESSIE GREENWAY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **O R D E R**

Before the Court is the Report and Recommendation [Doc. No. 6] of United States Magistrate Judge Gary M. Purcell, to whom this matter was referred for initial proceedings in accordance with 18 U. S. C. § 636(b)(1)(B). In the Report and Recommendation, the Magistrate Judge recommended the Court deny Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and direct Plaintiff to pay the full $350.00 filing fee before being allowed to proceed in this action. The recommendation is based on findings that Plaintiff is subject to filing restrictions under 28 U. S. C. § 1915(g), and he has alleged insufficient facts to show he is in imminent danger of serious physical injury.

Plaintiff timely filed an objection to the Report and Recommendation. In addition, he has filed a "Judicial Misconduct Complaint" [Doc. No. 10], accusing Judge Purcell of engaging in criminal conduct in recommending the denial of Plaintiff's *in forma pauperis* motion, and accusing other judges of improperly reassigning Plaintiff's cases to the undersigned. Although filed in this case, that pleading is directed to the Chief Judge. Plaintiff also filed a "Motion to Recuse All Judges of this Court" [Doc. No. 11], accusing the undersigned and other judges of conspiracy to prevent Plaintiff from access to the courts. This motion is also directed to the Chief Judge.

As is clearly explained in the Report and Recommendation, the recommended denial of Plaintiff's *in forma pauperis* request is based on the fact that, prior to filing this lawsuit, Plaintiff had previously filed at least three civil actions that were dismissed for failure to state a claim for relief and/or as frivolous. Pursuant to 28 U. S. C. § 1915(g), a prisoner who has had three or more complaints dismissed on such grounds may not proceed *in forma pauperis.* The statute expressly states in pertinent part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U. S. C. § 1915(g). A prisoner who has three prior dismissals on this basis is not denied access to the courts, but must pay the filing fee in full before pursuing a federal court action. *See, e.g., Jennings v. Natrona County Detention Center Medical Facility*, 175 F. 3d 775, 778 (10th Cir. 1999).

Plaintiff's litigation history in this Court establishes that, by 1999, Plaintiff had filed eleven 42 U. S. C. § 1983 actions, three of which had been dismissed for failure to state a claim and/or as frivolous. *See Berryhill v. Poppell*, Case No. CIV-99-407-T Order [Doc. No. 8]. Following the decision in *Berryhill v. Poppell* concluding that the "three strikes" provision applies to him, Plaintiff has nonetheless continued to seek *in forma pauperis* status in this Court. *See Berryhill v. Halvorson*, Case No. CIV-08-197-D, Order of April 24, 2008 [Doc. No. 12].

The recommendation of Judge Purcell in this case is based on the express language of § 1915(g) and on Plaintiff's litigation history. As pointed out in the Report and Recommendation, Plaintiff has not shown that he is in imminent danger of serious physical harm; therefore, the statutory exception is inapplicable.

Plaintiff's arguments in his objection to the Report and Recommendation do not address the provisions of § 1915(g), but consist of accusations that he has been wrongfully convicted and has been held in "involuntary servitude" because of his incarceration. His allegations in the motion to recuse and the complaint regarding Judge Purcell merely repeat accusations which have been held insufficient to warrant relief in the previous cases dismissed by this Court.

Plaintiff's accusations regarding Judge Purcell are without merit, and do not address the requirements of § 1915(g). In addition, his request that all judges of this Court recuse does not present any basis for recusal, but asserts unsupported accusations of perjury and impropriety having no bearing on the statutory requirement that Plaintiff pay his filing fee before proceeding with this case. Those motions [Doc. Nos. 9 and 11] are DENIED

For the foregoing reasons, the Report and Recommendation [Doc. No. 6] is adopted as though fully set forth herein. Plaintiff does not qualify for *in forma pauperis* status, and his motion to proceed on that basis [Doc. No. 2] is DENIED. Plaintiff must pay the full filing fee of $350.00 within twenty (20) days of the date of this Order. If he fails to do so, this action will be dismissed without prejudice. Plaintiffs' remaining motions [Doc. Nos. 9 and 11] are DENIED.

IT IS SO ORDERED this 4th day of August, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE